Andrew J. Miller
Constance S. Huttner (*pro hac vice to be submitted*)
Robyn Ast-Gmoser (*pro hac vice to be submitted*)
WINDELS MARX LANE &
MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

*Attorneys for Defendants*
*Slayback Pharma LLC and*
*Slayback Pharma India LLP*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HERON THERAPEUTICS, INC.<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SLAYBACK PHARMA LLC and<br>SLAYBACK PHARMA INDIA LLP,<br><br>　　　　　　　　　　Defendants. | C.A. No. 24-423 (JKS-MAH)<br><br>Return Date: May 20, 2024 |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO TRANSFER**
**VENUE TO DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. §**
**1404(a)**

{80323151:9}

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND...................................................................................2

III. LEGAL STANDARD ..............................................................................................4

IV. ARGUMENT ............................................................................................................5

    A. This Action Could Have Been Brought in the District of Delaware. ...5

    B. The Public Interest Factors Support Transfer .......................................6

        1. The interests of justice, practical considerations, and familiarity of the District of Delaware strongly favor transfer.......................6

        2. Court congestion slightly favors transfer...................................9

        3. New Jersey has no local interest in deciding the dispute..........10

        4. The remaining public interest factors are neutral.......................10

    C. The Private Interest Factors Support Transfer ....................................10

        1. Heron's choice of New Jersey is entitled to little weight. ........10

        2. Defendants' choice of Delaware supports transfer. ..................12

        3. Convenience of the parties and witnesses, and the location of books and records, slightly favors transfer or is neutral. ..........12

        4. Where the claim arose is neutral or, at worst, slightly disfavors transfer................................................................................14

V. CONCLUSION.......................................................................................................15

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re Apple, Inc.*,
    581 F. App'x 886 (Fed. Cir. 2014) ................................................................... 11

*Azurity Pharms., Inc. v. Novitium Pharma, LLC*,
    No. 22-cv- 05860, 2023 WL 358538 (D.N.J. Jan. 20, 2023) ......................... 7, 10

*Bayer Pharma AG v. Watson Labs, Inc.*,
    No. 14-cv-1804, 2014 WL 2516412 (D.N.J. June 2, 2014) ........................... 5, 10

*Cont'l Grain Co. v. Barge FBL-585*,
    364 U.S. 19 (1960) ........................................................................................... 7

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ......................................................................................... 6

*Eagle View Techs., Inc. v. GAF Materials, LLC*,
    594 F. Supp. 3d 613 (D.N.J. 2022) ................................................................. 14

*Gallagher v. Ocular Therapeutix, Inc.*,
    No. 17-cv-5011, 2017 WL 4882487 (D.N.J. Oct. 27, 2017) ............................ 13

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ....................................................................... *passim*

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ....................................................................... 14

*LG Elecs., Inc. v. First Int'l Comput., Inc.*,
    138 F. Supp. 2d 574 (D.N.J. 2001) ................................................................. 14

*In re Link_A_Media Devices Corp*,
    662 F.3d 1221, 1223 (Fed. Cir. 2011) ............................................................. 11

*Micron Tech., Inc. v. Rambus Inc.*,
    645 F.3d 1311 (Fed. Cir. 2011) ....................................................................... 13

*Radware, Inc. v. U.S. TelePacific Corp.*,
    No. 18-cv-17266, 2019 WL 13202075 (D.N.J. June 12, 2019) ...................... 10

*Shutte* v. *Armco Steel Corp.*,
   431 F.2d 22 (3d Cir. 1970) ................................................................................................5

*T.C. Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017)............................................................................................................6

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) .........................................................................................7

*Curcio ex rel. United States of Am. V. CCS Med., Inc.*,
   No. 19-cv-5527, 2023 WL 4295738 (D.N.J. June 30, 2023) ..........................................9, 13

*Vanda Pharms. Inc. v. Teva Pharms. USA, Inc.*,
   No. 22-cv-7528, 2023 WL 1883357 (D.N.J. Feb. 10, 2023)................................6, 7, 12, 13

*Yang* v. *Odom*,
   409 F. Supp. 2d 599 (D.N.J. 2006)................................................................................5, 11

**Statutes**

28 U.S.C. §§ 1331 and 1338 .......................................................................................................6

28 U.S.C. § 1400(b) ....................................................................................................................6

28 U.S.C. § 1404(a) ............................................................................................................*passim*

Defendants Slayback Pharma LLC ("Slayback LLC") and Slayback Pharma India LLP ("Slayback India") (collectively, "Slayback") hereby respectfully move pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of Delaware, where actions are currently pending that involve the same patents and technology at issue in this case and adjudicating those actions will require the same validity and infringement analyses as in this case.

## I.     INTRODUCTION

This Hatch-Waxman action should be transferred to the District of Delaware. In this action, Plaintiff Heron Therapeutics, Inc. ("Heron") asserts that Slayback's proposed aprepitant pharmaceutical product infringes ten patents. Heron is already a party to two other actions pending in the District of Delaware concerning these same patents (collectively, "the Delaware Cases"). Both of the Delaware Cases involve proposed pharmaceutical products containing aprepitant which are currently under review by the US Food and Drug Administration. Both of the Delaware Cases are pending before the same Judge, the Honorable William Bryson of the Federal Circuit, sitting by designation in the District of Delaware. The older of the two Delaware Cases is set for trial in June 2024.

There is no reason for this Court to invest the significant time and resources required to construe and adjudicate technical patent claims when the same issues are being considered and resolved in another District. Transfer of this case to the

District of Delaware is warranted to avoid unnecessary and inefficient duplication of judicial resources, as well as the risk of inconsistent rulings.

## II.     FACTUAL BACKGROUND

Heron is a corporation organized under the laws of the State of Delaware with its principal place of business in San Diego. D.I 1 at ¶1. Heron sells pharmaceutical products in the acute care and oncology care markets, including CINVANTI®, which is an aprepitant containing product prescribed to prevent nausea and vomiting in chemotherapy or postoperative patients. D.I 1 at ¶38. Heron claims to own the Patents-in-Suit, which are all associated with Heron's CINVANTI® product.[1] *See* D.I. 1 at ¶¶27-36, 39.  Although Heron is incorporated in Delaware, its corporate headquarters is in San Diego, California. D.I 1 at ¶1.  On information and belief, Heron has no significant contacts with the State of New Jersey relevant to the issues in this matter. For example, the two inventors of the Patents-in-Suit both list addresses in California. D.I. 1 at Exhibit A.

Heron has initiated four litigations related to the Patents-in-Suit, but this Slayback suit the only case filed in the District of New Jersey. The first suit was filed in the District of Delaware titled: *Heron Therapeutics, Inc., v. Fresenius Kabi USA, LLC*, C.A. No. 22-985 (WCB)("the Fresenius Case"). Heron next filed two

---

[1] Heron has asserted infringement of: United States Patent Nos. 9,561,229, 9,808,465, 9,974,742, 9,974,793, 9,974,794, 10,500,208, 10,624,850, 10,953,018, 11,173,118, and 11,744,800 (collectively, "the Patents-in-Suit"). *See* D.I. 1 at ¶7.

suits against Mylan Pharmaceuticals in the District of Delaware directed to two separate Mylan aprepitant products. The two Mylan matters are now consolidated and titled: *Heron Therapeutics, Inc., v. Mylan Pharmaceuticals Inc*., C.A. No. 23-1015 (WCB)("the Mylan Case"). Both the Fresenius Case and the Mylan Case are pending before the same judge, the Honorable William Bryson of the Federal Circuit, sitting by designation in the District of Delaware.

The Fresenius Case is in final preparations for trial, which is scheduled June 24-28, 2024. *See* **Exhibit 1** to the Declaration of Andrew Miller ("Miller Decl."), Docket Report for Fresenius Case (accessed April 17, 2024). Judge Bryson has already conducted a Markman hearing in the Fresenius Case and issued a lengthy claim construction order. *See* Exhibit 1 to Miller Decl. at Entry 54. In the coming months, Judge Bryson will gain further familiarity with certain of the Patents-in-Suit while handling pre-trial motions and the trial in the Fresenius Case. *See id.* beginning at Entry 101 (Daubert motions, Summary Judgment motion, submitted in April 2024). The Mylan Case is in early discovery and scheduled for trial beginning May 19, 2025. *See* **Exhibit 2** to Miller Decl., Docket Report for Mylan Case (accessed April 17, 2024) at Entry 38.

Slayback is a Delaware corporation with headquarters in Princeton, New Jersey. D.I at ¶2. Slayback has submitted a New Drug Application for a proposed pharmaceutical product containing aprepitant. D.I. at ¶40.

## III.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). In such cases, courts consider the statutory factors provided in § 1404(a)—*i.e.*, the convenience of the parties, convenience of the witnesses, and the interests of justice— as well as other "private and public interests protected by the language of § 1404(a)." *Id*. at 879. In *Jumara*, the Third Circuit set forth the following list of private interests:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted).  Relevant public interests include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge

with the applicable state law in diversity cases.

*Id.* at 879-80 (internal citations omitted).  Yet, there "is no rigid rule governing a court's determination; each case turns on its facts." *Bayer Pharma AG v. Watson Labs, Inc.*, No. 14-1804, 2014 WL 2516412, at *3 (D.N.J. June 2, 2014) (quoting *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 450 (D.N.J. 1999)).

For the reasons stated below, the balance of private and public interest factors weigh in favor of transferring this case to the District of Delaware, where Heron's Complaint could have been brought and where two other suits involving the same patents and technology are already pending.

## IV. ARGUMENT

### A. This Action Could Have Been Brought in the District of Delaware.

For purposes of Section 1404(a), an action "might have been brought" in the transferee district "if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; *i.e.*, venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants." *Yang* v. *Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006) (*citing Shutte* v. *Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).

The District of Delaware would have had subject matter jurisdiction over this matter because all federal courts have subject matter jurisdiction over patent

disputes under 28 U.S.C. §§ 1331 and 1338. *See Vanda Pharms. Inc. v. Teva Pharms. USA, Inc.*, No. 22-7528, 2023 WL 1883357, at *3 (D.N.J. Feb. 10, 2023). The District of Delaware would also have been a proper venue for this matter because a patent infringement claim may be heard in "the judicial district where the defendant resides." 28 U.S.C. § 1400(b). Slayback is a Delaware corporation and therefore resides in Delaware. D.I. 1 at ¶2; *see T.C. Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261-62 (2017) (holding that a domestic corporation resides in its place of incorporation for purposes of § 1400(b)). Additionally, Heron is a Delaware corporation. D.I 1 at ¶1. Thus, District of Delaware is a proper venue. Finally, because both parties are Delaware corporations, the District of Delaware would have personal jurisdiction over all parties. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

### B. The Public Interest Factors Support Transfer

#### 1. The interests of justice, practical considerations, and familiarity of the District of Delaware strongly favor transfer.

Although there is "no definite formula" for judges to use when making a determination under § 1404(a), courts must consider the private interests and public interests implicated by the potential transfer. *See Jumara*, 55 F.3d at 879. Courts consider the practical matters that result in a more expeditious proceeding. *See id* at 879-80. And significant weight in favor of transfer is found where the transferee

court has already expended significant resources toward resolution of a similar matter.  *See, e.g.*, *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issue are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014) (transferee court "had been home to several cases involving patents in the same family, breeding decisions and familiarity of some relevance to the present case"); *Vanda Pharms.*, 2023 WL 1883357 at *4, *6 (transferee court had "overseen comprehensive litigation relating to tasimelteon and the applicable family of patents for over four years, ranging from discovery to motion practice to trial"); *Azurity Pharms., Inc. v. Novitium Pharma, LLC*, No. 22-cv- 05860, 2023 WL 358538, at *4 (D.N.J. Jan. 20, 2023) (judicial efficiency as a reason for transferring a case to another district overseeing patent litigation over patents from the same family.[2]

Here, the pending Delaware Cases strongly favor transfer to that District. Heron is the plaintiff in both of those cases. Nine of the Patents-in-Suit were

---

[2] Judicial efficiencies can still be gained even after the prior litigation in the other district has ended.  As this Court recently recognized, "the Federal Circuit has made clear that a court's familiarity with related patents and facts from prior litigation—separate and apart from efficiencies gained by consolidation with pending litigation—is a valid factor for purposes of a motion to transfer."  *Vanda Pharms*, 2023 WL 1883357 at *6.

originally asserted against Fresenius. *See* **Exhibit 3** to the Miller Decl., D.I. 4 in Fresenius Case (listing asserted patents). All of the patents asserted against Slayback are also asserted against Mylan. *See* **Exhibit 4** to the Miller Decl., D.I. 28 in Mylan Case (listing asserted patents). The underlying technology is the same as well — injectable pharmaceutical products containing aprepitant. The value of that prior experience with the Patents-in-Suit is not obviated by the fact that the Delaware Cases involved different defendants and thus different proposed pharmaceutical products. Judge Bryson has already acquired a wealth of knowledge about the Patents-in-Suit and the related technology and his knowledge will only increase as the Fresenius Case progress towards trial this June. Judge Bryson has invested significant judicial resources in the Fresenius matter and will do so again as the Mylan matter progresses through claim construction and discovery. His familiarity with the patents and the claimed technology will enable a more efficient and expeditious disposition of the Slayback case.

Absent transfer, this Court will have to undertake the same tasks and analysis already performed in the Delaware Cases, such as: construing the terms of the same patents, assessing invalidity positions, interpreting the scope of claims under 35 U.S.C. §112 challenges, and more. Duplication of effort on these tasks would risk inconsistent or conflicting rulings, a factor that weighs heavily in favor of transfer. And it would force this court to reinvent the wheel by considering issues that Judge

Bryson has already decided or will address in the near future, wasting precious judicial time and resources. In contrast, this Court has not yet invested any resources in becoming familiar with the Patents-in-Suit. Courts have recognized that judges who have gained similar experience as Judge Bryson has with the Patents-in-Suit can conduct a more expeditious proceeding. *See Curcio ex rel. United States of Am. V. CCS Med., Inc.*, No. 19-5527, 2023 WL 4295738, at *7 (D.N.J. June 30, 2023) (recognizing that public interest weighs in favor of transfer where "the litigation is in its early stages, discovery has not begun, and the Court has relatively little familiarity with it other than through the instant motion").

Additionally, further efficiencies are anticipated with the requested transfer to the District of Delaware as Judge Bryson has ordered Heron to produce to Mylan in discovery all the invalidity related contentions, discovery, and reports from the Fresenius Case. *See* Ex. 2 to Miller Decl. at Entry 31. Slayback would presumably receive the same benefit in the District of Delaware, thus leading to further efficiencies if all the aprepitant matters are situated in the District of Delaware.

### 2. Court congestion slightly favors transfer.

Court congestion slightly favors the District of Delaware, or is at least neutral. Courts consider the level of court congestion in the two fora. *See Jumara*, 55 F.3d at 879-80. Docket Navigator metrics indicate average time to trial is

comparable in the two jurisdictions. *See* **Exhibit 5** to Miller Decl., Docket Navigator Reports for time to trial in D. Del and D.N.J. Thus, this factor is neutral.

### 3. New Jersey has no local interest in deciding the dispute.

Courts will consider whether a local interest exists "in deciding local controversies." *See Jumara*, 55 F.3d at 879-80. New Jersey does not have a particular local interest in deciding pharmaceutical patent disputes because pharmaceutical patent litigation involves "matters of national concern that are not local controversies, nor do they implicate the public policies of any one forum." *Azurity*, 2023 WL 358538 at *4 (citation omitted); *see Radware, Inc. v. U.S. TelePacific Corp.*, No. 18-17266, 2019 WL 13202075, at *5 (D.N.J. June 12, 2019) (recognizing that a controversy is not local in nature merely because a party "maintains [a] principal place of business in New Jersey"); *see Bayer,* 2014 WL 2516412, at *10 (quoting *Intellectual Ventures I LLC v. Altera Corp.,* 842 F. Supp. 2d 744, 760 (D.Del.2012). Accordingly, this factor is favors transfer.

### 4. The remaining public interest factors are neutral.

The enforceability of the judgment, court's familiarity with local law, and public policy are all neutral as patents are matters of national concern of which all federal courts are equally equipped to decide. *Azurity*, 2023 WL 358538 at *4.

### C. The Private Interest Factors Support Transfer

### 1. Heron's choice of New Jersey is entitled to little weight.

Plaintiff's choice of forum is entitled to little deference. Plaintiff's choice of

forum is not dispositive of the transfer analysis, and in these circumstances it does not outweigh the compelling reasons for transfer. "While the law recognizes" a plaintiff's right "to select its forum, the Supreme Court and Congress have determined that this right is not unfettered." *In re Apple, Inc.*, 581 F. App'x 886, 887 (Fed. Cir. 2014). In the context of a §1404(a) analysis, out-of-state companies' choices of forum are entitled to less deference than a choice to litigate where a party is at home. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum, however, that choice of forum is entitled to less deference."). Here, Plaintiffs' choice of forum should be accorded little weight: Heron is a Delaware corporation headquartered in California and, on information and belief, does not have any New Jersey locations. *See* D.I. 1 at ¶ 1; *see* **Exhibit 6** to Miller Decl., Heron's "Contact Us" webpage (accessed April 17, 2024).

Plaintiff's choice of New Jersey is entitled to even less weight given the forum shopping at play. This court has previously recognized that plaintiff's forum choice should not receive normal weight when forum shopping. *See Yang*, 409 F. Supp. 2d at 606-07. Given Plaintiff's prior and consistent choice of the District of Delaware for litigations of these Patents-in-Suit, one can only speculate that the selection of the District of New Jersey for the Slayback matter was a preemptive move against consolidation and therefore is not entitled to deference.

### 2. Defendants' choice of Delaware supports transfer.

Courts also consider the defendant's choice of forum. *See Jumara*, 55 F.3d at 879. Although Slayback has its principal place of business in New Jersey, both Slayback and Heron are at home in Delaware due to their incorporation under Delaware law. Further, given Heron's filing of the Delaware Cases in Delaware, it can hardly complain that it is an unsuitable forum. *See Vanda Pharms*, 2023 WL 1883357 at *4. Therefore, the selected transfer district favors transfer.

### 3. Convenience of the parties and witnesses, and the location of books and records, slightly favors transfer or is neutral.

Courts also consider "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. The parties are pharmaceutical manufacturers who will have no difficulty litigating in either New Jersey or Delaware, given the proximity of those locations. *See Vanda Pharms*, 2023 WL 1883356 at *5 (recognizing that there was no convenience difference to the parties, who were generic and brand name manufacturers, if they were to litigate in New Jersey or Delaware). Plaintiff's principal place of business is in California, making the difference between New Jersey and Delaware immaterial. D.I. 1 at ¶1. On information and belief, Plaintiff has the resources to litigate in Delaware given the pending Delaware Cases and its public statements that net product sales for CINVANTI® were $94.9 million in 2023 and annual company wide net product sales of $127 million in 2023. *See* Exhibit 7 to Miller Decl.,

excerpt from Heron's Form 10-K Filing (March 2024).

For Slayback, Princeton, New Jersey and Wilmington, Delaware are less than 100 miles apart. *See Curcio*, 2023 WL 4295738 at *7 (recognizing that this factor weighs in favor of transfer where Defendant's principal place of business is within 100 miles of the transferee court). Most telling, however, is that Heron found the District of Delaware sufficiently convenient when it filed all prior litigations relating to the Patents-in-Suit. This factor this favors transfer.

Courts may also consider "the location of books and records" but that consideration is "limited to the extent that the files could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879; *Vanda Pharms*, 2023 WL 1883357 at *3 (same). This factor is neutral given the parties' ability to produce records in either jurisdiction in this era of e-discovery.

Finally, as with the location of books and records, the Court may consider the convenience of witnesses, but "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879-80. This factor proves neutral where "most of the witnesses were employees of or consultants to the parties and could therefore be encouraged to testify in either forum." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1332 (Fed. Cir. 2011); *see Gallagher v. Ocular Therapeutix, Inc.*, No. 17-5011, 2017 WL 4882487, at *5 (D.N.J. Oct. 27, 2017) (convenience of party witnesses carried little weight

because such witnesses are presumed to be willing to testify in either forum). Given the early posture of this case, the parties' potential witnesses have not been disclosed to each other. That said, in Hatch-Waxman litigations, the witnesses are likely to be the inventors, corporate representatives, and expert witnesses. The inventors of the Patents-in-Suit are, on information and belief, located in California making Delaware equally as convenient as New Jersey. See D.I. 1 at Exhibits A-J. For the expert witnesses, while their convenience is not material, Delaware is equally as convenient as New Jersey. Thus, there is no reason to believe that the parties' ability to obtain witnesses would be negatively impacted by transfer.

### 4. Where the claim arose is neutral or, at worst, slightly disfavors transfer.

The next factor to consider in the § 1404(a) analysis is where the claim arose. *See Jumara*, 55 F.3d at 879. In a patent infringement case such as this, the claim typically arises in the forum where the "center of gravity" of the accused activity takes place. *Eagle View Techs., Inc. v. GAF Materials, LLC*, 594 F. Supp. 3d 613, 621 (D.N.J. 2022); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1323 (Fed. Cir. 2021) (same). The Court in *Eagle View* recognized that the center-of-gravity test—with its focus on "where the product was developed, tested, researched, and produced"—better accounts for the factual realities of an infringement claim. 594 F. Supp. 3d at 621-22; *see also, e.g., LG Elecs., Inc. v. First Int'l Comput., Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (concluding this factor weighed in favor of

transfer where product development decisions occurred out-of-state).

As applied here, the center-of-gravity test is neutral or at worst slightly disfavors transfer. Slayback's New Jersey presence does not justify keeping this case in New Jersey. First, there is no allegation that the development of Slayback's aprepitant product was conducted in the state of New Jersey. *See generally* D.I. 1. Rather the Complaint alleges only nationwide conduct with regard to the product: "Slayback [US Entity] develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District." D.I. 1 at ¶4; *see id.* at ¶6 (similar allegation for Slayback India conduct "throughout the United States"). The only allegations linked to New Jersey, pled "on information and belief", is that the NDA was prepared from within New Jersey. D.I. 1 at ¶13-15. This does not meet the center of gravity test. Accordingly, this factor is neutral, or at best slightly disfavors transfer if Slayback's place of business is considered relevant.

In sum, both the public and private interest factors favor transfer of this action to the District of Delaware, where it can be coordinated with related cases that raise similar or identical issues.

## V. CONCLUSION

For the foregoing reasons, Slayback respectfully requests that the Court transfer this action to the District of Delaware under 28 U.S.C. §1404(a).

Dated: April 18, 2024

*/s/Andrew J. Miller*
Andrew J. Miller
Constance S. Huttner (*pro hac vice to be submitted*)
Robyn Ast-Gmoser (*pro hac vice to be submitted*)
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms
Madison, NJ 07940
(973) 966-3200

*Attorneys for Defendants Slayback Pharma LLC and Slayback Pharma India LLP*

{80323151:9}                           16