**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HERON THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AZURITY PHARMACEUTICALS, INC., AZURITY PHARMACEUTICALS INDIA LLP f/k/a SLAYBACK PHARMA INDIA LLP, and SLAYBACK PHARMA LLC,<br><br>Defendants. | ) | C.A. No. 24-830 (WCB) |

# FINAL JUDGMENT

**WHEREAS** this patent infringement action was brought by Heron Therapeutics, Inc. ("Plaintiff") alleging, *inter alia*, that the filing of New Drug Application ("NDA") No. 218754 by Azurity Pharmaceuticals, Inc.; Azurity Pharmaceuticals India LLP (F/K/A Slayback Pharma India LLP); and Slayback Pharma LLC (collectively, "Defendants")[1] infringed U.S. Patent Nos. 9,561,229 ("the '229 patent"), 9,808,465 ("the '465 patent"), 9,974,742 ("the '742 patent"), 9,974,793 ("the '793 patent"), 9,974,794 ("the '794 patent"), 10,500,208 ("the '208 patent"), 10,624,850 ("the '850 patent"), 10,953,018 ("the '018 patent"), 11,173,118 ("the '118 patent"), and 11,744,800 ("the '800 patent") (collectively, "the patents-in-suit"), D.I. 1;

**WHEREAS** Plaintiff filed suit against Defendants in *Heron Therapeutics, Inc. v. Azurity Pharmaceuticals, Inc.*, Civil Action No. 24-1363 (D. Del) (the "Second Litigation"), asserting that the filing of the same NDA No. 218754 by the Defendants infringed other U.S. Patents;

[1] Azurity Pharmaceuticals, Inc., was not named as a defendant in the complaint, but was later added as a defendant by stipulation of the parties. D.I. 91.

**WHEREAS** the Plaintiffs and Defendants stipulated that in the event that the Court finds the patent claims asserted in the Second Litigation to be invalid under 35 U.S.C. § 112, that judgment shall be entered in this litigation finding that the claims asserted in this action are not infringed, D.I. 194;

**WHEREAS** the Court issued an opinion in the Second Litigation setting forth its findings of fact and conclusions of law on June 1, 2026, and finding that all asserted patent claims in that litigation are invalid under 35 U.S.C. § 112;

**IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that claims 1-21 of the '229 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(2) claims 1-6, 8-10, and 12-15 of the '465 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(3) claims 1-6, 9-10, 12-14, and 16-20 of the '742 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(4) claims 1-22 of the '793 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(5) claims 1-21 of the '794 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(6) claims 1-5, 7-9, and 11-16 of the '208 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(7) claims 1-6, 9-10, 12-14, and 16 of the '850 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(8) claims 1-18 of the ’018 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(9) claims 1-8, 11-12, and 14-17 of the ’118 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(10) claims 1-21 of the ’800 patent are declared to be not infringed, pursuant to the stipulation of the parties;

(11) that in view of the Court’s rulings that the asserted claims of the patents-in-suit are not infringed, judgment is granted in favor of Defendants on each of Plaintiff’s claims of patent infringement with respect to those patents;

(12) pursuant to entry of this Final Judgment, all other claims and counterclaims shall be dismissed without prejudice as moot, subject to reinstatement upon reversal or remand;

(13) in accordance with 21 C.F.R. § 314.107(e), Defendants shall submit a copy of this Final Judgment to the FDA within fourteen (14) days of the date of entry of this Final Judgment by the Court;

(14) pursuant to Fed. R. Civ. P. 54, D. Del. LR 54.1, and 28 U.S.C. § 1920, Heron may seek its costs in an amount to be determined by the Clerk of the Court;

(15) in the event that a party appeals this Final Judgment, any motion for attorneys’ fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed within 60 days after the expiration of the time to petition for certiorari to the United States Supreme Court or, if the appeal is withdrawn or dismissed, within 60 days after such withdrawal or dismissal; and

(16) in the event that no party appeals this Final Judgment, any motion for attorneys’ fees or submission of a bill of costs, including any motion that this case is exceptional under 35 U.S.C.

§ 285, shall be considered timely if filed within 60 days after the expiration of the time for filing a notice of appeal under Fed. R. App. P. 3 and 4.

IT IS SO ORDERED

SIGNED this 1st day of June, 2026

WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE